# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

A.B., By and Through his Parents and
Natural Guardians, F.B. and N.V.,

    Plaintiffs,

    v.

PLEASANT VALLEY SCHOOL
DISTRICT,

    Defendant.

NO. 3:17-CV-02311

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Dismiss (Doc. 7) filed by Defendant Pleasant Valley School District ("Defendant"). Finding Defendant's motion lacking in merit, it will be denied.

## I. Background

The facts alleged in the Complaint are as follows:

Plaintiff A.B., by and through his parents and natural guardians, F.B. and N.V., commenced this action to recover reasonable attorneys' fees and costs under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). (*See* Doc. 1, *generally*). Plaintiffs allege that after pursuing a special education due process hearing, the presiding Hearing Offer found in their favor on September 16, 2017. (*See id.* at ¶¶ 6, 8). Specifically, the Hearing Officer found that Defendant failed to provide A.B. with a Free Appropriate Public Education ("FAPE") during the second half of his 2014-2015 school year through the end of his 2015-2016 school year. (*See id.* at ¶ 8). The Hearing Officer awarded A.B. 5.5 hours of compensatory education for each day that A.B. had an unexcused absence during the second semester of the 2014-2015 school year, and a total of 396 hours of compensatory education for his 2015-2016 school year. (*See id.*).

Plaintiffs commenced this action on December 15, 2017 to recover attorneys' fees and costs as the prevailing party below. (*See id.*, *generally*). On February 9, 2018, Defendant filed its motion to dismiss. (*See* Doc. 7, *generally*). In its supporting brief, Defendant argues that: (1) it is unable to respond to Plaintiffs' Complaint because it does not include any information as to the fees claimed; (2) the Complaint is defective because an itemized invoice is not attached thereto; (3) "Plaintiffs' attorney's fee petition seeking compensation fails to document hours for which payment is sought"; and (4) "Plaintiffs' attorney fee petition lacks information permitting the District or this Court to determine if the hours claimed are unreasonable for the work performed." (Doc. 8, 3). Plaintiffs filed their brief in opposition to the motion to dismiss on February 23, 2018. (*See* Doc. 9, *generally*). The motion to dismiss is now fully briefed and ripe for disposition.

## II. Discussion

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly

give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A party who prevails on an IDEA due process complaint may file an action in the district court to recover reasonable attorney's fees and costs expended during the administrative proceedings. *See* 20 U.S.C. § 1415(i)(3)(B). A parent who obtains judicially sanctioned relief on the merits may recover attorney's fees. *See John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 557-58 (3d Cir. 2003).

Defendant's arguments in support of its motion to dismiss Plaintiffs' claim for attorneys' fees are baseless. First, in its supporting brief, Defendant contends that Plaintiffs' "fee petition" lacks the necessary information to determine if Plaintiffs' requested fee is reasonable. (*See* Doc. 8, 3). But, at present, Plaintiffs have not submitted a fee petition, so the only matter at issue is the sufficiency of Plaintiffs' Complaint.

Second, Defendant fails to cite any authority in support of its position that the Complaint is deficient because Plaintiffs have not provided information as to the reasonableness of the attorneys' fees they seek to recover in this action. An argument similar to that raised here, however, was rejected by the Honorable Harvey Bartle III in *Dudley v. Lower Merion School District*, 768 F. Supp. 2d 779, 782 (E.D. Pa. 2011). As then Chief-Judge Bartle explained:

> the School District argues that the claim of plaintiffs for attorneys' fees must be dismissed because information regarding the skills, experience, time, and expenditures of their attorneys and comparable market rates have not been pleaded. This argument is without merit. The School District cites no authority supporting the proposition that this level of detail is required in order to survive a motion to dismiss. Instead, this information is usually addressed through affidavits submitted by the attorneys accompanying a separate fee petition. *See, e.g., Rode v. Dellarciprete*, 892 F.2d 1177, 1181 (3d Cir. 1990); *Becker v. ARCO Chem. Co.*,

3

> 15 F. Supp. 2d 621, 626-29 (E.D. Pa. 1998). The School
> District may dispute the reasonableness of the attorneys' fees
> requested at that time.

*Id*. I, like Judge Bartle, am not aware of any authority requiring a plaintiff to plead the level of detail in the complaint suggested by Defendant to withstand a motion to dismiss in an action to recover attorneys' fees under the IDEA. Such challenges are properly raised in opposition to a petition for attorneys' fees.

### III. Conclusion

For the above stated reasons, Defendant Pleasant Valley School District's motion to dismiss will be denied.

An appropriate order follows.

April 25, 2018             /s/ A. Richard Caputo
Date             A. Richard Caputo
            United States District Judge